**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

VIJAY K. SHARMA,
                    Appellant,

          v.

DEPARTMENT OF THE NAVY,
                    Agency.

DOCKET NUMBER
DA-0351-15-0179-I-1

DATE: September 21, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Vijay K. Sharma, San Antonio, Texas, pro se.

Patricia Welling, San Diego, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1        The appellant has filed a petition for review of the initial decision, which dismissed his reduction-in-force (RIF) appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant was a Bio Lab Technician, GS-09, Step 7, with the agency. Initial Appeal File (IAF), Tab 11 at 11, 53. In September 2014, the agency advised him that it intended to separate him via a RIF. *Id.* at 53-55. In October 2014, the appellant accepted a transfer to a position as a Microbiologist with the Department of the Army at the same grade, step, and salary. *Id.* at 11, 60-62. His transfer was effective November 30, 2014. *Id.* at 11, 62.

¶3 The appellant filed this appeal, supported by 276 pages of supplementary materials, requesting that the Board look into alleged fraud, abuse of authority, and mismanagement by the agency. IAF, Tab 1. He argued that agency officials had refused to appoint him to a vacant GS-13 position under RIF procedures, further asserting that he was wrongfully not selected for the same position in 2010 because the selectee, who had since vacated the position, lied on his résumé. *Id.* at 2. At a prehearing conference, the appellant confirmed that he sought to appeal a RIF action, and the administrative judge gave him comprehensive notice of the elements and burdens of establishing Board jurisdiction over a RIF appeal. IAF, Tab 22. The administrative judge subsequently dismissed the appeal on the

written record without holding the hearing the appellant requested, finding that, because the appellant accepted a reassignment under the agency's priority placement program to a post at the same grade and pay as before the effective date of the RIF, no RIF action had occurred and the Board therefore lacked jurisdiction over the appeal under that or any other authority that the appellant identified.  IAF, Tab 7, Tab 25, Initial Decision (ID).

¶4         In his petition for review, the appellant argues that the administrative judge and agency counsel engaged in ex parte communication, reiterates his arguments regarding the GS-13 position, restates his discrimination claims, and claims that the agency retaliated against him for whistleblowing.  Petition for Review (PFR) File, Tab 1.  He includes documentation regarding his purported financial losses and the agency's actions in filling other vacancies.  *Id.* at 20-33.  The agency responds in opposition.  PFR File, Tab 3.

¶5         A RIF is an administrative procedure by which an agency eliminates jobs for certain listed reasons, including lack of work or reorganization, and releases employees from their competitive levels by furlough of more than 30 days, separation, demotion, or reassignment requiring displacement.  *Burger v. U.S. Postal Service*, 93 M.S.P.R. 582, ¶ 9 (2003), *aff'd sub nom. Hayes v. U.S. Postal Service*, 390 F.3d 1373 (Fed. Cir. 2004); 5 C.F.R. § 351.201(a)(2).  An employee who has been furloughed for more than 30 days, separated, or demoted by a RIF may appeal to the Board.  *Bodus v. Department of the Air Force*, 82 M.S.P.R. 508, ¶ 7 (1999); 5 C.F.R. § 351.901.  Thus, to establish the Board's jurisdiction over his RIF appeal, the appellant must show that he was either furloughed for more than 30 days, separated, or demoted by the RIF action.  *Adams v. Department of Defense*, 96 M.S.P.R. 325, ¶¶ 8-9 (2004); 5 C.F.R. § 1201.56(b)(2)(i).

¶6         We agree with the administrative judge that, even though the agency gave the appellant notice that his position would be eliminated, because the appellant accepted the agency's offer of a permanent position as a Microbiologist, GS-09,

Step 7, at the Brooke Army Medical Center, a position with the same pay, grade, and benefits on the same military installation as the one he previously encumbered, the appellant was not subjected to a RIF. ID at 3-4; *e.g.*, *Kohfield v. Department of the Navy*, 75 M.S.P.R. 1, 4 (1997). A lateral transfer with no loss in grade or pay is not an appealable RIF action under 5 C.F.R. part 351. *Cf. Perisho v. U.S. Postal Service*, 69 M.S.P.R. 55, 57 (1995) (finding that a lateral reassignment is not an appealable RIF action); *Harpster v. Department of the Army*, 39 M.S.P.R. 43, 45 (1988) (finding that a lateral reassignment is not a basis for Board jurisdiction).

¶7        We also agree with the administrative judge that, absent a loss of grade or pay, the appellant failed to identify any other source of Board jurisdiction over his appeal. ID at 3-4. Absent an otherwise appealable action, the Board lacks jurisdiction over the appellant's discrimination claims. *E.g.*, *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (observing that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871‑73 (D.C. Cir. 1982). Although the appellant contends on review that his prior suspensions of 5 and 14 days were in retaliation for protected activities, PFR File, Tab 1 at 5-6, he did not make this argument below and there is no evidence to indicate that the appellant has pursued a whistleblowing claim with the Office of Special Counsel. Accordingly, we affirm the initial decision dismissing the appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS[2]

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

---

[2] The administrative judge afforded the appellant mixed-case appeal rights.  ID at 9-10.  However, when, as here, the Board lacks jurisdiction over an appeal, we provide notice of nonmixed-case appeal rights.  *Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1117-19 (2013).  We have provided the appellant the proper review rights here, including notice of appeal rights under the Whistleblower Protection Enhancement Act of 2012.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.